**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JONATHON GROVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:14-cv-01595-JMS-MJD |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Jonathon Grove for a writ of habeas corpus challenges a prison disciplinary proceeding in ISR 13-11-0100 in which he was found guilty of possessing a weapon. For the reasons explained in this entry, Mr. Grove's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On November 24, 2013, Officer B. Jones of the Pendleton Correctional Facility wrote a

Report of Conduct in case number ISR 13-11-0100 charging Mr. Grove with possession of a

weapon (an offense under 106 of the Department of Correction's ("DOC") disciplinary code). The

conduct report states the following:

> On the above date and approximate time, I, Officer B. Jones, conducted a shakedown of Offender Grove's (944042) cell, 16-6B. During the search, I found a homemade shank, which was made by melting a piece of what appears to be a part of an alligator clip, into the handle of a toothbrush. During the search, I also found a baggie containing tobacco, a tattoo gun with its battery pack, 3 bottles of black ink, and a still with approximately 6-8 gallons of homemade brew, appearing to be made of oranges and tomatos.(sic)

Appended to the conduct report were an evidence log entry and pictures of the contraband found.

Dkt. 11-1.

Along with his statement in the conduct report, Officer Jones submitted the following

written statement:

> During the shakedown, I noticed a black star painted on the back wall of the cell. Upon closer inspection, I then noticed the tattoo gun held on the back of the light with a magnet, a painted message of "you're too nosy" and a similar star next to one of the screws on the light. The screw was loose enough to be moved by hand, and after removal, enabled access to the weapon, hidden in the light.

Dkt. 11-3, p. 2.

Officers Harris and Roberts were with Officer Jones during the shakedown that led to the

discovery of the weapon. Officer Harris provided the following written statement:

> On 11-24-2013 [at] approximately 9:20 pm, I Ofc. R. Harris was performing a shakedown in cell 16-6B where Ofd. Grove, Jonathon 944042 resided. During the shakedown I witnessed Ofc. B. Jones find tobacco, homemade shank, tattoo gun, tattoo paraphenelia (sic), 2 containers of ink, approximately 6 to 8 gallons of brew, and a homemade heater that was being used to distill the brew. Other officers present at the shakedown Ofc. B Jones and M. Roberts.

Dkt. 11-3, pg. 3.

Officer Harris also stated: "On November 24, 2013 at approximately 9:20 pm, I witnessed Ofc. B. Jones find a homemade shank while performing a shakedown in offender Grove's (944042) cell (HCH 16-6B). The shank was found in the light fixture." Dkt. 11-3, p. 4.

Officer Roberts also gave two written statements prior to the hearing. He first wrote:

On 24 Nov 13 at approx. 9:20pm I, Ofc. M. Roberts, was performing a shakedown in cell 16-6B HCH where Ofd. Grove, J. #944042 is housed. During the shakedown I witnessed the finding of: a homemade shank, tobacco, a tattoo gun, 2 containers of black tattoo ink, tattoo paraphernalia, a hooch still, approximately 6-8 gallons of brew/hooch and a homemade heater that was being used to distill the brew. Officers present performing the shakedown were myself, Ofc. R. Harris and Ofc. B. Jones.

Officer Roberts then clarified that "[t]he weapon was hidden inside the ceiling light of cell 16-6B. The screws were loose enough to be unscrewed by hand (without tools)." Dkt. 11-3, pp. 5-6.

The DOC's disciplinary code for adult offenders defines Possession of Dangerous/Deadly Contraband/Property as: "Possession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Dkt. 11-6. As to the first component of the offense, the disciplinary code defines "possession," in part, as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." Dkt. 11-7. DOC policy further provides that "offenders are presumed to be responsible for any . . . prohibited property or contraband that is located on their person, within their cell or within areas of their housing . . . that are under their control. Areas under the offender's control include, but are not limited to: the door track, window ledge, [and] ventilation unit. . . ." *Id.*

Mr. Grove was notified of the charge when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). He was notified of his rights, pled not guilty, and indicated his desire to have a lay advocate. He requested three witnesses and physical evidence consisting of the tool that was used to get into the light and the shake down log. The

physical evidence was denied because there was no tool confiscated and there was no shake down log.

A hearing officer conducted a disciplinary hearing on December 5, 2013, and found Mr. Grove guilty of possession of a weapon. At the hearing, Mr. Grove stated: "I have no clue where [the weapon] came from" and "I'm guilty of everything but the weapon." The hearing officer considered the staff reports, the offender's statement, witnesses, and pictures, in finding him guilty. The recommended sanctions imposed included a written reprimand, disciplinary segregation for one year, the deprivation of 365 days of earned credit time, and the demotion from class 1 to class 3. The hearing officer imposed the sanctions because of the seriousness and nature of the offense and the degree to which the violation disrupted or endangered the security of the facility. Dkt. 11-3, p. 1.

Mr. Grove's appeals were denied. He filed this petition for writ of habeas corpus on September 30, 2014.

### III.  Analysis

Mr. Grove's claims for habeas relief are that his due process rights were violated when: 1) he was denied a cell inspection when he moved into the cell in accordance with DOC policy; and 2) he was denied the tool he would have used to access his light secured with security screws.

Mr. Grove first argues that if a cell inspection had been done before he moved into the cell, it would have shown that the weapon was there before he moved in. In essence, this claim challenges the sufficiency of the evidence. There is no evidence that Mr. Grove shared a cell with any other offender. The conduct report and the staff reports reflect that a homemade shank was found in the light fixture in his cell. Possession of the weapon in the light fixture was properly attributed to him.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). There was sufficient evidence to support the hearing officer's finding of guilty.

To the extent this claim is based on Indiana Department of Correction rules and regulations, it is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). This claim fails.

Mr. Grove's second claim is that he was denied the tool that he would have used to access the light. No tool was found and the officers reported that no tool was needed because the screws were loose enough to be unscrewed by hand. There was no violation of due process rights under these circumstances.

Mr. Grove was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. Grove's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Grove's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

       **IT IS SO ORDERED.**

Date:  <u>December 30, 2015</u>

                              Hon. Jane Magnus-Stinson, Judge
                              United States District Court
                              Southern District of Indiana

Distribution:

Jonathon Grove, DOC #944042
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel